```
JOHN M. KIM (Bar No.188997)
IP LEGAL ADVISORS, P.C.
600 West Broadway, Suite 1520
San Diego, CA 92101
Tel: (619) 515-1489
Fax: (619) 515-1481

DONALD TREMBLAY (Bar No.83109)
LAW OFFICES OF DONALD TREMBLAY
12651 High Bluff Drive, Suite 300
San Diego, California 92120
Tel: (858) 792-7492
Fax: (858) 792-7768


Attorneys for Plaintiff
CALIFORNIA BOARD SPORTS, INC.
```

FILED
06 OCT 25 PM 2:08
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA BOARD SPORTS, INC., a California Corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VANS, INC., a Delaware Corporation,<br><br>　　　　Defendant. | '06CV 2365 IEG   AJB<br><br>COMPLAINT FOR DECLARATION OF NON-INFRINGEMENT OF TRADEMARK AND DECLARATION OF NON-DILUTION OF TRADEMARK |

Plaintiff California Board Sports, Inc. ("CBSI") complains of defendant and alleges as follows:

### Introduction

1. In 1994, several well known figures in the skateboarding industry formed California Board Sports, Inc. and launched the brand "Osiris." The "Osiris" and "Osiris design" marks have since grown tremendously in popularity and are used on several types of casual shoes, accessories and apparel sold throughout the world. CBSI uses several different designs and patterns on its shoes to decorate and embellish the shoes,



including various generic black and white checkerboard patterns. Such checkerboard patterns serve no source identifying function and are used merely to make the shoes more aesthetically pleasing to consumers. CBSI's use of checkerboards and similar decorations is similar to the use of polka dots or argyle patterns by other shoe and apparel manufacturers.

2. Defendant Vans, Inc. ("Vans") is one of CBSI's main competitors in the field of casual shoes, accessories and apparel marketed to the skate and surf community. Vans owns several trademarks, including a trademark registration for a slip on shoe with a generic black and white checkerboard pattern over the entire front, tongue and heel of the shoe, which Vans refers to as the "Classic Slip-On." The registration that Vans has for its Classic Slip-On deck shoe covers the entire design of the shoe and does not confer rights to the generic pattern of a black and white checkerboard nor does it preclude third parties from using decorative checkerboards on shoes for design, descriptive or non-source identifying purposes.

3. Checkerboard patterns have been widely and commonly used on shoes and apparel for centuries. Checkerboard patterns are as common as polka dots and argyle patterns in the shoe and apparel industries and Vans was definitely not the first party to use checkerboards on shoes. Checkerboard patterns have been used on numerous types of shoes, accessories and apparel over the years and are almost always used in a decorative and non-source identifying manner. Such decorative uses include the checkerboard pattern emblazoned across the entire product or on a certain portion of the product to add a decorative accent. Vans

itself uses checkerboard patterns as decoration and ornamentation rather than as a source identifier on its shoes, accessories and apparel.

4. Nevertheless, Vans has demanded that CBSI cease its use of the checkerboard pattern on shoes, because Vans believes that CBSI's use of a generic checkerboard pattern on its shoe infringes Vans' trademark rights.

5. Similar to many other shoe manufacturers, CBSI uses the checkerboard pattern on its shoe in a decorative and ornamental manner to enhance the aesthetic quality of the shoe. CBSI does not use the checkerboard pattern in any manner that could remotely be considered source identifying. CBSI's Serve Black White Checkered shoe ("Checkered Shoe"), which is the shoe that Vans alleges infringes on its trademark rights, uses a generic black and white checkerboard pattern decoratively placed on the side and heel of the shoe. Neatly and discretely placed on the tongue of the shoe and a hang tag on the side of the shoe is CBSI's mark "Osiris." It is highly unlikely that an ordinary consumer would think that the use of a checkerboard pattern on the side and heel of CBSI's shoe would be anything more than a decorative element of the shoe.

6. Vans recently sent CBSI a letter demanding that CBSI cease and desist further sales of its Checkered Shoe and provide a full accounting of its revenues for such shoe. Vans has sent similar letters to its other competitors who are using checkerboard designs in a decorative and ornamental fashion. Therefore, Vans is improperly trying to monopolize a centuries old, frequently used, and generic black and white

1  checkerboard pattern by threatening CBSI and third parties that
2  they are infringing Vans' alleged trademark rights. CBSI has
3  spent considerable sums to advertise its Checkered Shoe and has
4  significant revenues resulting from the sales of its Checkered
5  Shoe, none of which can be attributed to any confusion resulting
6  from the use of a generic checkerboard pattern. As a result,
7  CBSI respectfully requests a judicial determination of its rights
8  under the laws of the United States and the State of California
9  regarding its decorative and ornamental use of checkerboard
10 patterns on shoes.

## Jurisdiction and Venue

12  7. This action arises under the Trademark Act of
13 1946, 15 USC §§ 1051 et seq.; and the Declaratory Judgment Act,
14 28 USC § 2201 (a). Accordingly, this Court has subject matter
15 jurisdiction pursuant to 28 USC §§ 1331 and 1338 (a).

16  8. This Court has personal jurisdiction over
17 defendant Vans because Vans sells shoes, accessories and apparel
18 within this judicial district and it has therefore availed itself
19 of the laws of this district.

20  9. Venue lies in this district pursuant to 28
21 USC § 1391 (b), because a substantial part of the events giving
22 rise to CBSI's claims occurred within this district, including
23 sales of CBSI's Checkered Shoe, which Vans alleges infringes its
24 trademark rights, and sales of many varieties of Vans' shoes
25 which incorporate a checkerboard design. Vans claims trademark
26 rights in the generic checkerboard design in this judicial
27 district as a result of sales of shoes bearing such design.
28 /////

## Parties

10. Plaintiff CBSI is a corporation organized and existing under the laws of the State of California, with its principal place of business in San Diego, California.

11. CBSI is informed and believes that defendant Vans is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Santa Fe Springs, California.

## Factual Background

12. CBSI sells a wide array of casual shoes, accessories and apparel that incorporate CBSI's "Osiris" trademark, "Osiris design" trademark, or other highly distinctive and recognizable trademarks and logos, to identify CBSI as the products' source. The "Osiris" and "Osiris design" marks are displayed below:



13. CBSI also employs various ornamental design elements – which have no source identifying function whatsoever – to decorate its shoes. For example, CBSI has used a checkerboard design on its Checkered Shoe:



14.     Vans has long been one of CBSI's main competitors in the market for casual shoes worldwide.  One of Vans' alleged trademarks is a checkerboard design, which was originally used in a slip on deck shoe with the checkerboard design emblazoned across the entire front, tongue and heel of the shoe, as found in Vans' Registration No. 1,583,727 ("Checkerboard Registration"):



15.     On some of Vans' shoes, Vans employs a variation of the checkerboard pattern found in its Checkerboard Registration.  The checkerboard pattern is applied to shoes in an even pattern emblazoned across most of the shoe or part of the shoe in a decorative and ornamental manner, not neatly or discretely in a manner that would be perceived by the consuming public as a source identifier.  By virtue of such use, Vans also claims exclusive trademark rights to such varied uses of the design of a checkerboard on shoes ("Common Law Checkerboard Marks"), which include the following shoes:

 

Complaint for Declaration of Non-Infringement of Trademark and Declaration of Non-Dilution of Trademark

16. On September 29, 2006, Vans sent a letter through its counsel to Mr. Jay Wilson, President of CBSI, demanding that CBSI cease selling its Checkered Shoe and any other shoe incorporating a checkerboard pattern and also demanding a full accounting of sales from such shoes. Vans has sent similar letters to competitors who use checkerboard patterns on their casual shoes and has threatened lawsuits in the United States against CBSI and other competitors allegedly to enforce its rights in its Checkerboard Registration and Common Law Checkerboard Marks (collectively the "Vans Checkerboard Designs"). However, upon information and belief, no U.S. court has rendered a decision on the merits in favor of Vans that shoes bearing a checkerboard pattern infringe or dilute Vans alleged trademark rights in its Checkerboard Designs.

17. Notwithstanding Vans' claims, numerous persons and entities have employed checkerboard patterns decoratively and ornamentally on shoes, accessories, and apparel for centuries. Checkerboard decorations are frequently used descriptively on various types of shoes, accessories and apparel with no source identification purpose, but merely to add an aesthetically pleasing decorative or ornamental design to the products.

18. Vans' alleged marks (the Common Law Checkerboard Marks and the Vans Registration) lack inherent distinctiveness, as they are comprised merely of the longstanding and commonplace design element of the checkerboard, which has historically adorned the shoes, accessories, and apparel of many manufacturers. Although the Vans Registration of a specific

1  checkerboard pattern for a particular slip on deck shoe may
2  entitle it to some limited degree of trademark protection for the
3  entire design of the shoe, this protection must be carefully
4  tailored so as not to unduly narrow the public domain or to
5  deprive others of the right to continue the centuries-old
6  practice of using checkerboard designs ornamentally and/or
7  descriptively on shoes, accessories and apparel.

8           19.   Indeed, Vans itself uses ornamental
9  checkerboard designs on its shoes, accessories and apparel in a
10 decorative and/or descriptive manner emblazoned across the entire
11 surface of the shoes, accessories and apparel, as shown below:



26           20.   In other cases, Vans uses checkerboard
27 patterns more sparingly on certain shoes, but nonetheless in a
28 decorative and/or descriptive manner to make the shoes more

Complaint for Declaration of Non-Infringement of
Trademark and Declaration of Non-Dilution of Trademark

1  aesthetically pleasing.  The checkerboard patterns are not neatly
2  and discretely placed on a certain area of the shoe, as would be
3  the case with a design mark that is recognized as a source
4  identifier (i.e. Nike Swoosh).  Instead, the checkerboard
5  patterns are haphazardly placed on the heel, toebed, tongue and
6  side of the shoe in a random manner that serves no source
7  identifying purpose.  This haphazard and decorative use of the
8  various checkerboard patterns indicates that the pattern does not
9  serve as a trademark, but instead serves merely to decorate and
10 embellish the shoes. (See examples of Common Law Checkerboard
11 Marks, infra, P. 6, Lines 12 to 28).
12          21.  Thus, Vans has itself blurred the line
13 between its alleged proprietary use of checkerboard patterns to
14 indicate origin, and the commonplace decorative and/or
15 descriptive use of checkerboard patterns to decoratively adorn
16 shoes, accessories, and apparel, to which all competitors are
17 entitled.  Vans should not be permitted to narrow or preclude the
18 longstanding and commonplace use of checkerboard patterns on
19 shoes, accessories, and apparel to its own commercial advantage.

                    **FIRST CLAIM FOR RELIEF**
       (Declaration of Non-Infringement of Trademark-28 USC § 2201)
                         (Against Defendant)

23          22.  CBSI incorporates herein by reference each
24 and every allegation contained in paragraphs 1 through 21 above,
25 as though set forth at length.
26          23.  By virtue of Vans' cease and desist letter to
27 CBSI dated September 29, 2006, an actual controversy has arisen
28 and exists between CBSI and Vans with respect to whether CBSI has

1 infringed and is infringing Vans' alleged trademark rights in the
2 Vans Checkerboard Designs.
3     24.  In fact, CBSI has not infringed and is not
4 infringing, directly or indirectly, contributory, by inducement
5 or otherwise, the Vans Checkerboard Designs. Among other things,
6 CBSI's use of a checkerboard pattern on its shoes is not likely
7 to cause consumer confusion, because Vans does not have the
8 exclusive right to use the checkerboard pattern on shoes,
9 accessories and apparel. Vans does not use the Vans Checkerboard
10 Designs in a non-decorative, source identifying manner. Its use
11 of the Vans Checkerboard Designs is purely ornamental and
12 decorative and Vans cannot take a common design element which has
13 been in the public domain for centuries and suddenly claim
14 exclusive rights to such design through purely ornamental use.
15 If this were allowed, then polka dots would be the next design
16 element to be monopolized by Vans, as it also sells a slip-on
17 shoe with polka dots.
18     25.  Even assuming arguendo that Vans has the
19 right to a certain limited checkerboard pattern for shoes (such
20 as the pattern found on its Checkerboard Registration), CBSI's
21 Checkered Shoe is not likely to cause consumer confusion, because
22 the shoe depicted in the Checkerboard Registration bears
23 absolutely no resemblance to CBSI's Checkered Shoe. Vans' shoe
24 is a slip-on deck shoe with no laces and CBSI's Checkered Shoe is
25 a bulkier lace-up skate shoe that is primarily black and only
26 uses checkerboard patterns as a decorative accent. The following
27 is a comparison of the respective shoes:
28



Therefore, the shoes, when viewed in their entireties, are completely visually distinct.  Also, CBSI and Vans use their respective marks ("Osiris" and "Vans") on their shoes.  CBSI uses "Osiris" on the tongue of the shoe and Vans uses a red raised "Vans off the wall" logo on the heel of the shoe.  CBSI also uses "Osiris" and Vans uses "Vans" on a hang tag attached to the sides of their respective shoes.  The only similarity shared by the shoes is that they each use a black and white checkerboard pattern in a decorative and purely ornamental manner.  However, it is highly unlikely that an ordinary consumer would confuse such highly different shoes which are clearly branded with the respective Osiris and Vans trademarks merely because they both incorporate a generic checkerboard pattern as decoration.

Complaint for Declaration of Non-Infringement of Trademark and Declaration of Non-Dilution of Trademark

26. Even if there were a likelihood of confusion between CBSI's use of the checkerboard pattern on shoes and the Vans Checkerboard Designs, CBSI could not be held liable for trademark infringement because CBSI's use of such checkerboard patterns on shoes is strictly decorative and would qualify as a "fair use." Such checkerboard patterns serve no source identification function and are merely used decoratively and ornamentally for the lawful purpose of making the shoes more aesthetically pleasing. CBSI has done nothing to suggest sponsorship or endorsement by Vans of its shoes.

27. Accordingly, CBSI requires a judicial determination of the rights and duties of the parties under the laws of the United States (including but not limited to 15 USC §§ 1114 and 1125 9a)), the laws of the State of California (including but not limited to California Business & Professions Code § 17200, et seq.) and the common law with respect to the use of the checkerboard pattern on shoes, and a declaratory judgment that CBSI's use of its current checkerboard pattern for the Checkered Shoe or any checkerboard pattern does not infringe, directly or contributory, any valid and protectable design mark held by Vans.

28. Vans' continued attempts to broaden its trademark rights beyond its specifically registered marks, among other things, entitle CBSI to recover its attorneys' fees under 15 USC § 1117(a).

/////

/////

/////

## SECOND CLAIM FOR RELIEF

(Declaration of Non-Dilution of Trademark-28 USC § 2201)

(Against Defendant)

29. CBSI incorporates herein by reference each and every allegation contained in paragraphs 1 through 28, above, as though set forth at length.

30. Vans has made arguments in its September 29, 2006 cease and desist letter that it has been using its Checkerboard Registration on shoes for almost 25 years and that sales of shoes bearing the Vans Checkerboard Designs are "substantial." As a result, it is anticipated that in any complaint for trademark infringement, Vans will undoubtedly claim that its Vans Checkerboard Designs are well known and famous and that CBSI's sales of shoes bearing any checkerboard design serves to dilute its famous marks.

31. CBSI, however, has not diluted and is not diluting, directly or indirectly, contributory, by inducement or otherwise, the Vans Checkerboard Designs.

32. Accordingly, CBSI requires a judicial determination of the rights and duties of the parties under the trademark laws of the United States (including but not limited to 15 USC § 1125), the laws of the State of California (including but not limited to the California Anti-Dilution statute, California Business & Professions Code §14330), and the common law with respect to the use of the checkerboard pattern on shoes, and a declaratory judgment that its current checkerboard pattern for the Checkered Shoe or any checkerboard pattern does not

/////

Complaint for Declaration of Non-Infringement of Trademark and Declaration of Non-Dilution of Trademark

1  dilute, directly, or contributorily, any valid and protectable
2  design mark held by Vans.
3        33.  Vans' continued attempts to broaden its
4  trademark rights beyond its specifically registered marks, among
5  other things, entitle CBSI to recover its attorneys' fees under
6  15 USC § 1117 (a).
7      WHEREFORE, CBSI demands judgment:
8        1.  That the Court issue a declaration that
9  CBSI's use of its checkerboard pattern on the Checkered Shoe or
10 any decorative use of a checkerboard pattern on shoes,
11 accessories and apparel does not infringe, directly or
12 contributorily, any valid and protectable design mark held by
13 Vans under the laws of the United States, the laws of the State
14 of California, or the common law;
15       2.  That the Court issue a declaration that
16 CBSI's use of the decorative checkerboard design on shoes,
17 accessories and apparel does not dilute, directly or
18 contributorily, any valid and protectable design mark held by
19 Vans under the laws of the United States, the laws of the State
20 of California or the common law;
21       3.  That the Court award CBSI its reasonable
22 attorneys' fees pursuant to 15 USC § 1117 (a):
23       4.  That CBSI be awarded its costs of suit; and
24 /////
25 /////
26 /////
27 /////
28 /////

1         5.   That CBSI have such other and further relief as the Court deems just and proper.

Dated: October 17, 2006

                                    IP LEGAL ADVISORS, P.C.

                                    By _____
                                        JOHN M. KIM
                                        Attorneys for Plaintiff
                                        CALIFORNIA BOARD SPORTS, INC.

DEMAND FOR JURY TRIAL

Plaintiff CALIFORNIA BOARD SPORTS, INC. hereby demands a trial by jury.

Dated:  October 17, 2006

IP LEGAL ADVISORS, P.C.

By _____
JOHN M. KIM
Attorneys for Plaintiff
CALIFORNIA BOARD SPORTS, INC.

Case 3:06-cv-02365-IEG-AJB  Document 1  Filed 10/25/06  PageID.17  Page 17 of 18

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| CALIFORNIA BOARD SPORTS, INC., a California Corporation | VANS, INC., a Delaware Corporation |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  San Diego (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Los Angeles (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)  SEE ATTACHMENT | ATTORNEYS (IF KNOWN)  '06CV 2365 IEG  AJB |

Filed stamp: 06 OCT 25 PM 2:10 CLERK, U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA  DEPUTY

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX (For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☒4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

Declaration of Non-infringement and Non-dilution of trademark. 15 U.S.C. §1051 et seq. and 28 U.S. C. §2201 (a)

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
|  | PERSONAL INJURY | PERSONAL INJURY |  |  |  |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability |  | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine |  | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☒ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (13958) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) |  |
| ☐ 190 Other Contract |  | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ 195 Contract Product Liability |  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment |  | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other |  |  | ☐ 950 Constitutionality of State |
| ☐ 290 All Other Real Property |  | ☐ 550 Civil Rights |  |  | ☐ 890 Other Statutory Actions |
|  |  | ☐ 555 Prisoner Conditions |  |  |  |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appelate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23  DEMAND $ Declaration of non-infringement  Check YES only if demanded in complaint:  JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions):  JUDGE _____  Docket Number _____

DATE  10/25/06                SIGNATURE OF ATTORNEY OF RECORD

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

130998  Sec 10/25/06  $350

```
         UNITED STATES
         DISTRICT COURT
       Southern District of California
            San Diego Division

         #  130998  -  A1
         October 25, 2006

  Code       Case #      Qty     Amount

  CV006900  3-06-CV-2365          60.00 CH
   Judge   - GONZALEZ
  CV006400                       100.00 CH
  CV518000                       190.00 CH


  Total->                        350.00



  FROM: CIVIL FILING
        CA BOARD SPORTS INC V. VANS
        INC
        BC# 1811  SH
```